**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Wilfredo Gonzalez LORA, Defendant–Appellant.**

No. 02–6516.

United States Court of Appeals, Fourth Circuit.

Submitted May 13, 2002.

Decided June 19, 2002.

Wilfredo Gonzalez Lora, Pro Se.

Before WILKINS, TRAXLER, and KING, Circuit Judges.

Remanded by unpublished PER CURIAM opinion.

OPINION

PER CURIAM.

Wilfredo Gonzalez Lora seeks to appeal the district court's orders (1) denying his

motion demanding that the court address his motion for reproduction of his personal legal papers, and (2) denying his motions for reconsideration and for information about a deported government witness. In criminal cases, the defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R.App. P. 4(b)(1)(A). With or without a motion, the district court may grant an extension of time to file of up to thirty days upon a showing of excusable neglect. Fed. R.App. P. 4(b)(4); *United States v. Reyes,* 759 F.2d 351, 353 (4th Cir.1985).

Here, the district court's order denying Lora's motion demanding resolution of a motion for reproduction of legal papers was entered on the criminal docket on February 19, 2002, *see* Fed. R.App. P. 4(b)(6); the ten-day appeal period expired on March 1, 2002. Lora dated the notice of appeal March 20, 2002, and it was postmarked on March 21, 2002. Thus, Lora's notice of appeal was filed beyond the ten-day appeal period but within the thirty-day excusable neglect period that expired on April 1, 2002.[1] Because Lora's notice of appeal from the February 19 order was filed within the excusable neglect period, we remand the case to the district court for the court to determine whether Lora has shown excusable neglect or good cause warranting an extension of the ten-day appeal period.[2] The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED.*

---

**1.** The thirty-day excusable neglect period expired on Sunday, March 31, 2002. *See* Fed. R.App. P. 26(a)(3).

---

**2.** The notice of appeal was timely as to the March 15 order. We defer consideration of the merits of that order until the case is returned to us for further review.